UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO ORTIZ,

        Petitioner,

                                                 CASE NO. 2:07-CV-13525
v.                                    HONORABLE ANNA DIGGS TAYLOR

C. EICHENLAUB,

        Respondent.
                                /

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

### I. Introduction

Mario Ortiz ("Petitioner"), a federal prisoner currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the policies of the Federal Bureau of Prisons ("BOP") concerning eligibility for placement in a Community Corrections Center ("CCC"), also known as an RRC or halfway house. For the reasons stated, the court dismisses without prejudice the petition for a writ of habeas corpus.

### II. Facts and Procedural History

Petitioner does not indicate in his petition the offense(s) for which he is incarcerated, the date upon which he was convicted, or the federal district court where he was convicted and sentenced. He also does not provide his projected dates for CCC placement or full term release. The BOP's prisoner locator database lists Petitioner's projected release date as February 14, 2009.

In his pleadings, Petitioner challenges the validity of BOP regulations 28 C.F.R. §§ 570.20 and 570.21 which limit the BOP's discretionary authority to place offenders in CCCs to the final

10% or six months of their sentences, whichever is less. Petitioner admits that he has not exhausted his administrative remedies regarding the claim contained in his petition. Petitioner alleges that exhaustion would be futile because the BOP has demonstrated a "determined adherence" to its policy. Petitioner has not submitted copies of any grievances, administrative decisions, or appeals pertaining to this case.

### III. Analysis

Article III limits the federal courts to deciding "cases" and "controversies." To ensure that any matter presented to a federal court meets that requirement, the court considers the doctrines of standing, ripeness and mootness. To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). The injury must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent,' " not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted).

In this case, Petitioner has not alleged facts to establish that he has standing to bring this habeas action. He has not shown that he is eligible for CCC placement consideration or that the BOP has applied the disputed policy to him. "A final and specific release preparation plan, including a decision as to CCC referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date." BOP Program Statement 7310.04. Petitioner's projected release date is February 14, 2009. Given such circumstances, the court finds that Petitioner has failed to establish that he has Article III standing to bring this action. *See Rivera v. Willingham*, 2006 WL 2038359, *3 (D. Conn. July 18, 2006) (petitioner lacked standing to challenge BOP policy where BOP had not yet considered her eligibility for CCC placement); *Sanders v. Sanders*, 2006 WL 751281, *4 (E.D. Ark. Mar. 21, 2006) (dismissing petition

2

challenging CCC placement policy where policy has not been applied to inmate); *Allen v. Federal Bureau of Prisons*, 2006 WL 20527 (D. N.J. Jan. 3, 2006) (dismissing petition as premature because inmate had not yet been reviewed for CCC placement even though Third Circuit has found February 2005 policy unlawful). His petition must therefore be dismissed.

Additionally, the petition is subject to dismissal on exhaustion grounds. It is well-established that a petitioner must exhaust administrative remedies before seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Little v. Hopkins*, 638 F.2d 953, 954 (6th Cir. 1981); *see also Graham v. Snyder*, 68 Fed. Appx. 589, 590-91 (6th Cir. June 18, 2003). The burden is on the petitioner to prove exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has not met his burden of showing exhaustion of administrative remedies. Petitioner has not demonstrated that he has exhausted his habeas claims by filing an appropriate complaint with the BOP and by pursuing his appellate rights within the BOP before proceeding in federal court. *See, e.g., Bailey v. Hemingway*, No. 01-72188, 2001 WL 1525269, *2 (E.D. Mich. Aug. 9, 2001) (listing available remedies).

Petitioner has also not shown that exhaustion would be futile. Exhaustion requires that Petitioner fairly present his claims to the BOP, but does not require that the BOP rule on the merits of those claims. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Presentation of the claims is sufficient to satisfy exhaustion. Petitioner must attempt to fully exhaust his administrative remedies before seeking federal habeas relief. *See Six v. United States Parole Comm'n*, 502 F. Supp. 446, 448 (E.D. Mich. 1980); *see also Rodriguez v. Federal Bureau of Prisons,* 2006 WL 1897296, *1 (E.D. Mich. July 11, 2006) (requiring federal prisoner to exhaust administrative remedies as to CCC placement issues before pursuing habeas action); *cf. Hacker v. Federal Bureau of Prisons*, 2006 WL 2559792, *7 (E.D. Mich. Sept. 1, 2006) (finding that lack of exhaustion was not fatal to preliminary injunction motion to the extent the petitioner challenged BOP's regulation).

3

## IV. Conclusion

The court concludes that Petitioner has not established that he has standing to bring this action. Additionally, he has not established that he has exhausted his administrative remedies, nor demonstrated that exhaustion would be futile or impede his ability to seek federal habeas relief.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

                                        **s/Anna Diggs Taylor**
                                        ANNA DIGGS TAYLOR
                                        UNITED STATE DISTRICT JUDGE

DATED: September 5, 2007

---

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on September 5, 2007.

Mario Ortiz, #32272-039
Milan Federal Correctional Institution
Inmate Mail/parcels
P.O. Box 1000
Milan, MI 48160

                                        s/Johnetta M. Curry-Williams
                                        Case Manager